## Deppen Manuf. Co., Inc., v. Penna. Alcohol Permit Board.

*Bushong & Craumer*, for appellant.

*Wilhelm F. Knauer*, Special Deputy Attorney-General, and *Thomas J. Baldrige*, Attorney-General, for Commonwealth.

SCHAEFFER, P. J., Jan. 21, 1928.—This is an appeal by the Deppen Manufacturing Company, Inc., hereinafter termed the Company, from the order of the Pennsylvania Alcohol Permit Board, hereinafter termed the Board, declaring forfeited a certain bond filed with the Board by the Company.

In pursuance of an application by the Company, accompanied by a bond in the sum of $10,000, in which the Company was the principal and the Massachusetts Bonding and Insurance Company the surety, the Board, as of Jan. 1, 1927, granted a permit to the Company authorizing the permittee "to manufacture, produce, etc., alcohol or alcoholic liquid produced in the process of operating a brewery or cereal beverage plant, all in full accordance with the laws and regulations of the United States and the Commonwealth of Pennsylvania, in pursuance of the terms of the Act of Feb. 19, 1926, P. L. 16."

On April 21, 1927, the Board issued an order or citation addressed to the Company to show cause why the permit should not be revoked on account of alleged violations of law. Two hearings were held and testimony taken. On July 6, 1927, the Board filed a report setting forth certain violations by the permittee and issued an order "revoking and canceling the said permit and forfeiting the bond, etc."

The Company then presented its petition to this court, praying that the decision of the Board be reversed "so far as it attempts to forfeit the bond above mentioned," upon the ground that the Board had no authority to forfeit said bond, and that the only amounts collectible under said bond are such

amounts as are duly adjudged to be due from the permittee by the decree of a competent tribunal, and that no such decree exists.

To this petition the Board has filed an answer averring that the bond had been given in pursuance of the Act of Feb. 19, 1926, P. L. 16; that the permit had been revoked by the Board, after due notice and hearing, for violations of law, and that thereupon, under the provisions of the bond, the principal sum thereof, to wit, $10,000, became due and payable.

It will be seen that the Company does not appeal from or attack the order of the Board revoking the permit; the complaint relates to the action upon the bond and is two-fold: (1) That the Board is not a competent tribunal to declare the bond forfeited; and (2) that, even if the bond be duly forfeited, the principal sum thereof is not due and payable or collectible.

The Company does not, in this proceeding, allege that an attempt is being made at this time to recover the principal sum, or any portion thereof, of said bond from either the principal or the surety therein. The amount of money that may be due or collectible under said bond is not, therefore, before us at this time. The only remaining matter is the alleged action by the Board declaring the bond forfeited.

Section 8 of the Act of Feb. 19, 1926, P. L. 16, which created the Alcohol Permit Board, provides for the furnishing of a bond, upon the filing of the application for a permit, "in the penal sum of ten thousand dollars, with surety to be approved by the Board, which bond shall be conditioned for the faithful observance of all the laws of this Commonwealth relating to the manufacture, sale, etc., of intoxicating liquors and the conditions of the permit."

The 13th section of the Act of Feb. 19, 1926, P. L. 16, authorizes the Board, upon learning of any violation, to cite the permittee to appear and show cause why the permit should not be revoked. "And, upon such hearing, if satisfied that any such violation has occurred, the board shall immediately revoke such permit, notifying the permittee thereof by registered letter. Any permittee aggrieved by any decision of the board may file, within 30 days thereafter, in the court of common pleas of the county in which the permittee is resident, a petition against the board as defendant, alleging therein the action and decision complained of and praying for a reversal thereof."

By what decision of the Board is this permittee aggrieved? It does not complain of the action by the Board revoking its permit; nor does it complain of any present attempt to collect the principal of the bond or any part thereof. The complaint is against the alleged forfeiture of the bond by the Board. That is not such definitive action by the Board from which an appeal will lie. The declaration by the Board that the bond is forfeited constitutes no legal grievance sustained by the obligors; the latter are not thereby deprived of any right to contest the collection of the principal, or any lesser sum under the bond in a court of law. The order of the Board declaring the forfeiture is rather an interlocutory order which by the very terms of the bond should precede an attempt to collect upon the bond. Annexed to the body of the bond is the following stipulation: "And in the event of the foregoing bond being forfeited, we do hereby empower the Attorney-General, etc., to appear for us, and . . . confess judgment against us." Accordingly, the parties themselves have agreed that a declaration of forfeiture by some one on behalf of the Commonwealth should be made *before* action upon the bond is taken in or before any court; it is upon the forfeiture of the bond that the warrant to confess judgment becomes effective. Whether the declaration of forfeiture by the Board has any legal effect or not, beyond the establishment of a basis

for the entry of judgment in pursuance of the power of attorney contained in the bond, it is not necessary for us to decide. We are clear that the declaration of forfeiture complained of has not aggrieved the obligors, that their liability and the extent thereof under the bond can be litigated and determined after suit or judgment by confession has been entered in this or any other court of record, and the action of the Board thus far, with reference to the bond, affords no ground to the obligors to appeal to this court.

And now, to wit, Jan. 21, 1928, this appeal is dismissed, at the cost of the Deppen Manufacturing Company, Inc., without prejudice to the right of said Company, as principal, or the Massachusetts Bonding and Insurance Company, as surety, to contest the liability of them, or either of them, or the extent thereof, upon any action now brought or hereafter to be brought upon said bond or obligation.

From Charles K. Derr. Reading, Pa.